UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEITH MCKENNEY,

                     Plaintiff,

      -against-

VINCENT F. DEMARCO,

                     Defendant.
----------------------------------------------------------X

**ORDER**
13-CV-7270 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ APR 09 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

I.    Introduction

On December 20, 2013, incarcerated *pro se* plaintiff Keith McKenney ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Sheriff Vincent F. DeMarco ("Sheriff DeMarco"), accompanied by an application to proceed *in forma pauperis*. Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed with prejudice unless plaintiff files an amended complaint within thirty (30) days from the date of this Order.

II.   The Complaint

Plaintiff's brief, handwritten complaint, submitted on the Court's Section 1983 complaint form, alleges in its entirety that:

> I'm presently being held at Suffolk County Jail, where my 8th admendant [sic] rights are being violated: (1) I'm being housed in a condemed [sic] part of the jail S-2; (2) I am being extorted for money; (3) threatend [sic] and victimized for my crimes; (4) I am a

sentenced prisoner being held with non/sentenced inmates who want to hurt me; (5) prison guards told them of my crimes; now inmates take advantage of me.

(Compl. ¶ IV). As a result, plaintiff claims he is "scared for [his] life," does not sleep well, and suffers from "mental anguish." (*Id.* ¶ IV.A). Accordingly, plaintiff seeks to recover two million dollars ($2,000,000.00). (*Id.* ¶ V).

II. Discussion

A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (internal quotation marks and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. County of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *accord Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct. 1657, 1661, 182 L.Ed.2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the

Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, 132 S.Ct. 1497, 1501-02, 182 L.Ed.2d 593 (2012).

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. *See Spavone v. New York State Department of Correctional Services*, 719 F.3d 127, 135 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003); *see also Grullon*, 720 F.3d at 139. "An individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. *See Costello v. City of Burlington*, 632 F.3d 41, 48-49 (2d Cir. 2011).

Plaintiff has not adequately pled the personal involvement of the sole defendant, Sheriff DeMarco. Plaintiff has not alleged any conduct attributable to Sheriff DeMarco and seeks to impose liability merely because of the supervisory positions he holds. Accordingly, **plaintiff's**

**claims against Sheriff DeMarco are dismissed with prejudice unless plaintiff files an amended complaint within thirty (30) days from the date of this order that includes factual allegations of conduct or inaction attributable to Sheriff Demarco. Plaintiff's failure to timely amend his complaint will lead to the dismissal of his claims against Sheriff Demarco with prejudice and judgment shall enter without further notice.**

Plaintiff is advised that an amended complaint completely replaces the original complaint. To the best of his ability, plaintiff must include factual allegations sufficient to infer that he suffered a constitutional deprivation due to the actions of the defendant. Plaintiff may also amend his complaint to include as defendants the individual officers at the Suffolk Jail who participated in the challenged. If plaintiff is unable to identify such individual within the time allotted, he may name him as "John Doe" in any amended complaint so long as he includes some factual allegations concerning his conduct including the date(s)/location(s) of the alleged incident(s), a description of his interaction(s) and/or other descriptive information such that his identity may later be ascertained by Suffolk County and such individual can be served with the amended complaint. The amended complaint shall be clearly labeled "amended complaint" and bear the same docket number as this case, 13-CV-7270(SJF)(AKT).

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted. However, **plaintiff's claims against Sheriff DeMarco are dismissed with prejudice unless plaintiff files an amended complaint within thirty (30) days from the date of this order as set forth above.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for

the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein
-----
Sandra J. Feuerstein
United States District Judge

Dated: April 9, 2014
       Central Islip, New York