FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 14 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEITH MCKENNEY,

                Plaintiff,

    -against-

VINCENT F. DEMARCO,

               Defendant.
----------------------------------------------------------X

ORDER
13-CV-7270 (SJF)(AKT)

FEUERSTEIN, District Judge:

On December 20, 2013, incarcerated *pro se* plaintiff Keith McKenney ("McKenney" or "plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Sheriff Vincent F. DeMarco ("Sheriff DeMarco" or "defendant"). [Docket Entry No. 1 (the "Complaint")]. On April 9, 2014, the Court dismissed plaintiff's *in forma pauperis* complaint and granted plaintiff leave to file an amended complaint alleging a plausible claim within thirty (30) days. [Docket Entry No. 7]. On April 24, 2014, plaintiff filed an unsigned, single handwritten page entitled "Amended Complaint." [Docket Entry No. 8]. The Court's *Pro Se* Office sent plaintiff a letter instructing plaintiff to sign and return the enclosed copy of his amended complaint in order to proceed with his case. [Docket Entry No. 9]. In accordance with the Court's letter, plaintiff re-filed a signed copy of the amended complaint. [Docket Entry No. 10 (the "Amended Complaint" or "Am. Compl.")]. For the reasons that follow, plaintiff has failed to allege a plausible claim against the defendant. Accordingly, the Amended Complaint is dismissed.

I.    Background

The Amended Complaint alleges the following, in its entirety:

On 8/26/13 two "John Doe" correction officers who work for Vincent F.
DeMarco in the Riverhead jail violated my 8th Amendment rights. They told the

other inmates in 3 South where I was incarcerated about my crimes. I was victimized and taken advantage of by other inmates. The inmates stole my food and harassed me. Later, while imprisoned in the Yapank [sic] jail [indeciperable] and South 2 the harassment and extortion continued. I was a sentenced prisoner being held with non/sentenced inmates who wanted to hurt me. An inmate who I was incarcerated with in Riverhead was imprisoned with me in Yapahnk [sic]. He told the other inmates of my crimes and the harassment and extortion continued. If it wasn't for these 2 correction officer[s] telling the inmates of my crimes, these terrible things never would have happened. I was scared for my life, I did not sleep well and I suffered mental anguish. I seek to recover 2 million dollars.

See Am. Compl. at 1.

II.   Discussion

    A.   Standard of Review

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167

L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the...claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotations and citation omitted); *see also Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

    B.    Section 1983

Section 1983 of Tile 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a Section 1983 claim, a

plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

To state a claim for relief under Section 1983, a plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir.2006)). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege the

personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199 (2d Cir. 2010).

Plaintiff names Sheriff DeMarco as a sole defendant in the amended complaint. However, plaintiff does not include any allegations of conduct attributable to Sheriff DeMarco; rather he complains of conduct by unidentified corrections officers "who work for" Sheriff DeMarco. Am. Compl. at 1. Thus, plaintiff has not adequately pled the personal involvement of Sheriff DeMarco and seeks to impose liability merely because of the supervisory position he holds. Because plaintiff has not alleged a plausible claim for relief against Sheriff DeMarco, the complaint is dismissed.

  C. Federal Rules of Civil Procedure 8 and 10

Plaintiff's submission also fails to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 10 requires that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint [or amended complaint] must name all the parties. . . ." Fed. R. Civ. P. 10. Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ." Fed. R. Civ. P. 8.

Plaintiff's submission does not have a caption; rather, it begins: "AMENDED COMPLAINT ORDER: 13-CV-7270(SJF)(AKT)" and then reads "Keith McKenney vs. Vincent F. DeMarco." Am. Compl. at 1. Nor does plaintiff's submission include include "a short and plain statement of the grounds for the court's jurisdiction" (Fed. R. Civ. P. 8) or "short and plain

5

statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8), but merely demands recovery of "2 million dollars" (Am. Compl. at 1) for a host of grievances, and, as explained *supra*, fails to allege a plausible claim for relief against the sole defendant, Sheriff DeMarco.

III.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Where an amendment would be futile, *i.e.*, if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. *See Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Construing the plaintiff's complaint liberally, and interpreting it as raising the strongest arguments it suggests, *Burgos v. Hopkins*, 14 F.3d 787, 780 (2d Cir. 1994), the Court finds that plaintiff's allegations do not rise to the level of a constitutional deprivation. Not "every injury suffered by one prisoner at the hands of another...translates into constitutional liability for prison

officials" at a facility. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). A "prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Thus, "the failure to protect an inmate only violates the constitution when prison officials act with 'deliberate indifference.'" *Parris v. New York State Dep't of Corr. Svcs.*, 947 F. Supp. 2d 354, 362 (S.D.N.Y. 2013) (citations omitted).

To establish that a prison official's actions rise to the level of deliberate indifference: (1) "the deprivation alleged must be, objectively, sufficiently serious," and (2) "a prison official must have acted or failed to act with a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotation marks and citations omitted); *see also Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) ("to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice"). The Second Circuit has set forth a two-part test for deliberate indifference:

> First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

*Hayes*, 84 F.3d at 620. A prison official has sufficient culpable intent only where he "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842.

7

Here, the amended complaint does not allege any facts to support a reasonable inference that the defendant knew of and disregarded an excessive risk to plaintiff's safety. Indeed, plaintiff alleges only that other "inmates stole my food" (Am. Compl. at 1) and "harassed me" (*Id.*) and provides no facts from which a reasonable inference may be drawn that the defendant was aware of these circumstances or that the other inmates' conduct posed a threat to plaintiff's safety. Thus, plaintiff has not alleged a plausible failure to protect claim. *See Hayes*, 84 F.3d at 621 (noting that prisoner asserting failure to protect claim must prove that defendant officers had "the requisite knowledge of risk to [plaintiff's] safety" and failed to take "reasonable measures to abate the risk of harm"). Accordingly, plaintiff has not alleged a plausible failure to protect claim in his amended complaint and the Court declines to afford plaintiff another opportunity to further amend his complaint.

IV.     Conclusion

For the foregoing reasons, the amended complaint does not allege a plausible Section 1983 claim against the defendant. Accordingly, the amended complaint is *sua sponte* dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly and close this case.

The Clerk of the Court is directed to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure by mailing a copy of this Order to the *pro se* plaintiff at his last known address, *see* Fed. R. Civ. P. 5(b)(2)(c), and record such service on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the

purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: November 14, 2014
       Central Islip, New York

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge